IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ExactLogix, Inc. d/b/a Acculynx.com,<br><br>    Plaintiff,<br><br>    v.<br><br>JobProgress, LLC, Double D Construction, LLC, Dennis A. Darrow, and David Buzzelli,<br><br>    Defendants. | Case No. 3:18-cv-50213<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

ExactLogix, Inc., brings this action against JobProgress, LLC, Double D Construction, LLC, Dennis Darrow, and David Buzzelli. Before the Court is the Defendants' collective motion to enforce a contractual waiver of the right to trial by jury.

The Seventh Amendment protects the right to trial by jury in civil cases: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII. The parties have not disputed whether the specific claims in this action are subject to the Seventh Amendment, though the relief sought arises both in law and in equity.[1] Instead, the parties

---

[1] *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479–480 (1991) (upholding right to jury trial in breach of contract and trademark suit that presented both legal and equitable concerns); *id.* at 481 (Harlan, J., concurring) ("Consequently what is involved in this case is nothing

1

present the Court with two questions: (1) whether the contractual waiver of the right to a jury trial applies in this case even though the Defendants' original Answer demanded a trial by jury; and (2) if the jury waiver applies, does it apply to Dennis Darrow, David Buzzelli, and JobProgress, LLC, who were not direct signatories to the contract.

A full recitation of the background of this case is not necessary to resolve the pending motion. For clarity, however, the Court reiterates the role each party played in the facts giving rise to this litigation. ExactLogix owns and markets Acculynx, a software solution used by construction companies to manage their businesses. Double D Construction, which is owned by Co-Defendant Dennis Darrow, was a subscriber of that software. Darrow hired Co-Defendant David Buzzelli to work in sales at Double D Construction. As part of this suit, ExactLogix contends that Buzzelli and Darrow effectively stole the Acculynx software and created a new company to market its now-competing software. That new company is Co-Defendant JobProgress, LLC. Darrow is its President, and Buzzelli is its Managing Partner. *ExactLogix, Inc. v. JobProgress, LLC*, 508 F. Supp. 3d 254, 259–60 (N.D. Ill. 2020).

### A. Does the jury waiver apply notwithstanding Defendants' demand?

The contract at issue in this case includes a broad, conspicuous, and unambiguous provision waiving the right to trial by jury:

---

more than a joinder in one complaint of prayers for both legal and equitable relief. In such circumstances, under principles long established, *Scott v. Neely*, 140 U.S. 106, 110, the petitioner cannot be deprived of his constitutional right to a jury trial on the 'legal' claim contained in the complaint.").

> 9.14 <u>Waiver of Jury Trial.</u> Each party hereby waives any right to jury trial in connection with any action or litigation in any way arising out of or related to this Agreement.
>
> Basically:
> Accepting this Agreement waives any right to trial by jury.

Dkt. 100-2, at 16. The second sentence is not commentary by the Court. It is the specific language of the contract. As is relevant here, the Court previously held that "the only Defendant that is a party to the contract is Double D Construction." *ExactLogix, Inc. v. JobProgress, LLC*, 508 F. Supp. 3d 254, 275 (N.D. Ill. 2020). In their Answer to the original complaint, the Defendants collectively demanded a trial by jury. Dkt. 17, at 25. Notwithstanding that initial demand, the Defendants changed course. On December 16, 2019, about a year and a half into this litigation, ExactLogix filed an amended complaint. Dkt. 100. On January 2, 2020, the Defendants filed a collective Answer to the first-amended complaint, which expressly demanded a bench trial: "Plaintiff is not entitled to a jury trial, as it has waived its right to such trial in writing. Defendants demand trial by the Court." Dkt. 104, at 30. That invocation of the jury waiver was on January 2, 2020, more than two years ago. This action then proceeded to the dispositive motion stage, with both sides filing motions for summary judgment.

On December 21, 2020, this Court denied ExactLogix's motion for partial summary judgment and denied in part and granted in part the Defendants' joint motion for summary judgment. Dkt. 185. On May 10, 2021, the Defendants filed their original motion to enforce the jury waiver. Dkt. 197. The Court then struck that motion without prejudice to refile after the conclusion of expert discovery. Dkt.

3

202. The parties then reported the conclusion of expert discovery to the assigned magistrate judge on December 10, 2021. One week later, the Defendants filed the present motion to enforce the jury waiver. Dkt. 212.

In other words, the docket entries show that the Defendants made ExactLogix aware of its intent to pursue a bench trial on January 2, 2020—and has conspicuously maintained that position since. Far from delaying their invocation of the jury waiver, the Court instructed the Defendants to file the motion after the close of expert discovery, which they did. Defendants cannot be faulted for following court orders. Other evidence shows that ExactLogix was aware of this issue well before the amended complaint and subsequent answer.

As part of the present motion to enforce the jury waiver, the Defendants attached emails between counsel for both sides. Those emails show that defense counsel made ExactLogix's counsel aware of the Defendants' intent to pursue a bench trial much earlier. In a December 5, 2018, email, defense counsel memorialized an earlier telephone conversation in which he "indicated that we believe section 9.14 of the Master License Agreement precludes a jury trial in this matter." Dkt. 212-3, at 6. A letter on February 26, 2019, reiterated the same. *Id.* at 9 ("We also note that you have not responded to my repeated requests that you confirm your position on the parties' waiver of a jury, which you agreed to do nearly three months ago, in your email late afternoon on December 5. Please advise your position."). Another letter on March 11, 2019, again discussed the jury waiver issue. *Id.* at 11 ("We note your clients do not consent to waive a jury trial, but note that, as

4

discussed by phone, Defendants will move the Court to remove from the jury any and all claims with respect to which a jury trial was already waived in the agreement attached to the Complaint."). Thus, ExactLogix was aware that the Defendants would seek to enforce the contractual jury waiver at least by December 5, 2018—a substantial majority of the life of this case.

Federal Rule of Civil Procedure 38(d) specifically contemplates waiver of the right to a jury trial and withdrawal of a proper demand: "A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent." Thus, when the defendant properly demands a trial by jury, that demand may only be withdrawn if the plaintiff consents. "Absent a stipulation filed with the court or oral stipulation entered on the record, there can be no withdrawal." Moore's Federal Practice § 38.50[10] (3d ed. 2021); *Lovelace v. Dall*, 820 F.2d 223, 227 (7th Cir. 1987). Still, if the adverse party "has already waived its right to a jury trial," then a proper demand has not occurred and "its consent to withdrawal is not required." Moore's Federal Practice § 38.50[10][d] (3d ed. 2021). In that circumstance, the Court may hold a bench trial because no federal right to a jury trial exists. Fed. R. Civ. P. 39(a)(2).

One way a party can waive a jury right is through an express contract. *IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 994 (7th Cir. 2008); *MNdustries, Inc. v. MC Mach. Sys.*, No. 17-cv-7226, 2019 U.S. Dist. LEXIS 47483, at *14–15 (N.D. Ill. Mar. 21, 2019) (striking a jury demand based on a conspicuous and unambiguous jury waiver in a contract between businesses). That

5

waiver must be clear, however, because a presumption exists against waiver of the constitutional right to a jury trial. *Middle Tenn. News Co. v. Charnel of Cincinnati*, 250 F.3d 1077, 1083 (7th Cir. 2001).

The contractual relationship giving rise to this case included a business-to-business agreement that both parties waive the right to trial by jury for any litigation "in any way arising out of or relating to this Agreement." Dkt. 100-2, at 16. Thus, the parties to that contract dispensed with their previously existing constitutional right to a jury trial before this litigation began. *Janiga v. Questar Capital Corp.*, 615 F.3d 735, 743 (7th Cir. 2010) (explaining that "the plain language of the contract includes an express waiver of the right to a jury trial, and we uphold such waivers even in form contracts").

Federal Rules of Civil Procedure 38 and 39 do not create a right to trial by jury. Instead, they merely preserve the right contemplated by the Seventh Amendment, which in turn preserved the right to a jury trial that existed at common law. *Rachal v. Ingram Corp.*, 795 F.2d 1210, 1213 (5th Cir. 1986); Fed. R. Civ. P. 38(a) (noting that the right is preserved). But when the jury right is contractually waived before trial, as here, Rules 38 and 39 have nothing to preserve, as long as the contractual waiver was made knowingly and voluntarily. *Whirlpool Fin. Corp. v. Sevaux*, 866 F. Supp. 1102 (N.D. Ill. 1994) (setting forth factors for determining whether the waiver was knowing and voluntary); *see also* Moore's Federal Practice § 39.13[2][a] (3d ed. 2021) (noting that the lack of a jury right renders the jury demand irrelevant).

6

Here, no party contends that the jury waiver provision is invalid. On the contrary, ExactLogix claims a breach of the same contract, which would require the contract to be valid. Thus, for the purpose of this motion, the Court assumes the validity of the contract, which unambiguously waived the jury rights of the parties to that contract. Though Rule 38 prohibits the unconsented-to withdrawal of a proper jury demand, the parties to the contract could not have made a proper invocation of their Seventh Amendment right to a jury trial because no such right remained in existence. Because the Seventh Amendment right no longer existed at the time of the Defendants' jury demand, Rule 38 is inapplicable and thus does not preclude the unconsented-to rescission of the jury demand.

In its responsive brief, ExactLogix contends that the Defendants' motion to enforce the jury waiver is untimely. ExactLogix contends that the Defendants failed to raise this issue until discovery had been completed, summary judgment motions briefed and decided, a settlement conference held, and experts were engaged. Dkt. 215, at 2–3. The record before the Court does not support this contention. The emails submitted in the motion, which ExactLogix did not mention in its response, establish that counsel was on notice of the Defendants' position regarding the jury waiver at least by December 5, 2018. Dkt. 212-3. Furthermore, the Defendants waited until after the close of expert discovery to file the present motion because this Court told them to. Dkt. 202. ExactLogix was on notice, and the Defendants followed the Court's order, filing the motion when they were ordered to do so.

7

ExactLogix further cites to *Walton v. First Merchant's Bank*, 820 F. App'x 450 (7th Cir. 2020) for the proposition that the contractual jury waiver itself was waived when the Defendants demanded a jury trial in their answer. Dkt. 215, at 5. The argument misses the mark. The decision notes that although contractual rights may be impliedly waived, courts must evaluate the totality of the circumstances. *Walton*, 820 F. App'x at 454. Though the Defendants' answer included a jury demand, they quickly changed course and notified ExactLogix's counsel of their intent to pursue a bench trial. Unlike in *Walton*, in which "the bank did not change position until over two years later," *id.*, the Defendants here put ExactLogix on notice early into the lifetime of this litigation—at least by December 5, 2018. The Court sees no reason why ExactLogix would be prejudiced when it has known all along that the Defendants intended to pursue a bench trial.

Because ExactLogix and Double D Construction agreed to waive their respective Seventh Amendment rights to a jury trial before this case even began, Rule 38's prohibition against unconsented-to withdrawals of a jury demand is inapplicable. That rule merely preserves an already existing right. No right existed at the time, and thus Double D Construction, as a party to the contract, is free to enforce the agreed upon jury waiver.

### B. Does the contractual jury waiver apply to Dennis Darrow, David Buzzelli, and JobProgress, LLC?

The Defendants next argue that Darrow, Buzzelli, and JobProgress should be able to invoke the same contractual jury waiver even though they are not parties to the contract. Indeed, the Court has already held that those individuals were not

8

parties to the contract. *ExactLogix*, 508 F. Supp. 3d at 274. On this question presented, the parties talk past each other and leave the Court in need of supplemental briefing. The Court responds to the parties briefing, however, in the expectation that the below analysis will narrow the scope of the forthcoming supplemental briefs and maximize their helpfulness.

In their motion, the Defendants contend that the Court should apply mutuality and affiliation doctrine as announced in *Adams v. Raintree Vacation Exch., LLC*, 702 F.3d 436, 439 (7th Cir. 2012). ExactLogix's response does not squarely address the Defendants' argument. Instead, the responsive brief merely contends that the non-signatories cannot invoke the jury waiver clause as third-party beneficiaries, which the Defendants never argued.

First, the Court declines the Defendants' invitation to apply the *Adams* mutuality and affiliation findings to jury waiver questions, as announced in *Adams v. Raintree Vacation Exch., LLC*, 702 F.3d 436, 439 (7th Cir. 2012). The *Adams* court did not contemplate a jury waiver, which has constitutional implications. In *Tracinda Corp.*, a case the Defendants cite, the Third Circuit noted the "curious" disconnect between the arbitration cases and the jury waiver cases. 502 F.3d at 223. On the one hand, jury waiver cases involve a party's constitutional rights and impose presumptions against waiver of those rights. On the other hand, courts often impose a presumption in favor of arbitration, which necessarily removes the litigation from the jury. *Id.* Those cases appear to apply presumptions in opposite directions. This Court, however, is presented with a jury waiver question, and the

9

case law clearly applies a presumption against waiver of the constitutional right to a trial by jury. Another court in this district came to a similar conclusion in *Guaranteed Rate, Inc. v. Conn*, 264 F. Supp. 3d 909, 925 (N.D. Ill. 2017). In that case, the issue was whether the defendant waived personal jurisdiction based on a clause in a contract to which it was not a party. *Id.* In support, Guaranteed Rate argued for the same application of the doctrines announced in *Adams*. The court, however, declined to apply *Adams* because the issue in *Adams* did not raise a constitutional concern:

> But in *Adams*, no party was objecting to personal jurisdiction; the sole issue was venue. The distinction is not insignificant. While objections to both personal jurisdiction and venue may be waived, venue is "primarily a matter of choosing a convenient forum" and "implicates no constitutional principle," while "[d]ue process considerations are present in all personal jurisdiction inquiries."

*Id.* at 924 (internal citations omitted).

Thus, the Court declines to graft the *Adams* mutuality and affiliation findings onto jury waiver cases without clear direction from the Seventh Circuit, and the Defendants have not cited to any such precedent. Indeed, the Defendants have cited to no case from any jurisdiction adopting the *Adams* court's rationale for a jury trial waiver. The Court independently researched the issue and was unable to find any authority to support a jury trial waiver under this theory.

Second, ExactLogix's argument assumed the Defendants were arguing that they could invoke the jury waiver clause as third-party beneficiaries. The Court did not read their brief to make any such argument, nor would that argument prevail. Indeed, the contract contains a provision foreclosing such an argument:

10

> 9.5 <u>No Third-Party Beneficiaries</u>. The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the parties, their affiliates and their respective successors and permitted assigns, and they are not to be construed as conferring any rights on other persons.

Dkt. 100-2, at 16. Thus, the Defendants may not invoke the jury waiver provision as third-party beneficiary. They may only invoke the waiver as "parties, their affiliates and their respective successors and permitted assigns." *Id*. Though ExactLogix cited this language, none of the briefs addressed whether Dennis Darrow, David Buzzelli, or JobProgress, LLC can be considered affiliates, successors, or permitted assigns under the meaning of the contract. Thus, the Court cannot answer the question presented without supplemental briefing.

By March 11, 2022, the Defendants are ordered to file a supplemental brief answering the question of whether Dennis Darrow, David Buzzelli, or JobProgress, LLC fall into the category of affiliates, successors, or permitted assigns under the meaning of the contract. ExactLogix shall respond by March 25, 2022. For clarity, however, the Court cannot decide a common question of fact at a bench trial. That would clearly invade the jury right if it was not waived. Moore's Federal Practice § 39.14[2][a] ("Absent imperative circumstances, if jury and nonjury claims are raised in the same action, any common questions of fact must be tried by the jury *first*. The right to a jury trial may not be impaired through prior determination of factual issues by a court."). Thus, if a jury right remains and the parties are unable to settle this case, the Court will require the jury to decide all common questions. The parties should be cognizant of this while contemplating their strategy in this case.

## C. Conclusion

For the reasons explained above, the Defendants' motion to enforce the jury waiver [212] is granted as to Double D Construction. By March 11, 2022, the Defendants are ordered to file a supplemental brief answering the question of whether Dennis Darrow, David Buzzelli, or JobProgress, LLC are affiliates, successors, or permitted assigns under the meaning of the contract. ExactLogix shall respond by March 25, 2022.

Date: February 17, 2022

_____
Honorable Iain D. Johnston
United States District Judge