IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ExactLogix, Inc. d/b/a Acculynx.com, <br><br> Plaintiff, <br><br> v. <br><br> JobProgress, LLC, Double D Construction, LLC, Dennis A. Darrow, and David Buzzelli, <br><br> Defendants. | Case No. 3:18-cv-50213 <br><br> Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the parties' supplemental briefing regarding whether Dennis Darrow, David Buzzelli, and JobProgress, LLC are affiliates within the meaning of the relevant contract, which would allow them to invoke the bargained-for jury waiver. For the reasons explained in further detail below, the Court holds that Dennis Darrow, David Buzzelli, and JobProgress, LLC are not affiliates within the meaning of the contract and are, therefore, not entitled to invoke the contractual jury waiver.

The business relationship between ExactLogix and Double D Construction was governed by a master subscription agreement ("the contract"). In that contract, the parties bargained for an express limitation on third-party beneficiaries:

> 9.5 <u>No Third-Party Beneficiaries</u>. The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the parties, their *affiliates* and their respective successors and permitted assigns, and they are not to be construed as conferring any rights on other persons.

1

Dkt. 212-1, at 14 (Defendants' Ex. 1) (emphasis added). So, the contract expressly denounced the existence of any third-party beneficiaries that could invoke the benefits of the contract unless they are affiliates, successors, or permitted assigns. The Court already held that Double D Construction is the only Defendant in this action that is a party to the contract. *ExactLogix, Inc. v. JobProgress, LLC*, 508 F. Supp. 254, 275 (N.D. Ill. 2020) ("Thus, the only Defendant that is a party to the contract is Double D Construction. Summary judgment on the breach of contract claim is granted to every other Defendant."). And Darrow, Buzzelli, and JobProgress are undisputedly not successors to Double D Construction. That leaves only permitted assigns and affiliates.

Furthermore, no party argues that Darrow, Buzzelli, or JobProgress are permitted assigns. Indeed, the express terms of the contract prevent parties from assigning their interests without prior written consent:

> 9.3 <u>Assignment; Binding Agreement</u>. You may not assign this Agreement or any User license granted or created hereunder whether by operation of law, change of control, or in any other manner, without the prior written consent of AccuLynx. Subject to the foregoing, this Agreement shall bind and inure to the benefit of the parties, their affiliates, their respective successors and permitted assigns.

Dkt. 212-1, at 14. Thus, the Court ordered supplemental briefing to determine whether Darrow, Buzzelli, or JobProgress were affiliates under the meaning of the above contractual provisions. *ExactLogix, Inc. v. JobProgress, LLC*, No. 18-cv-50213, 2022 U.S. Dist. LEXIS 28772, at *14 (N.D. Ill. Feb. 17, 2022).

In response to the Court's order of supplement briefing, Defendants argue that Dennis Darrow is an affiliate. They concede, however, that David Buzzelli and

2

JobProgress are not affiliates. Dkt. 224, at 2 ("Defendants Job Progress and Mr. Buzzelli are not affiliates of Double D in the corporate sense."). Thus, the Court holds that David Buzzelli and JobProgress are not able to invoke the contractual jury waiver because they are not parties to the contract, they are not successors or permitted assigns of a party to the contract, and they have conceded that they are not affiliates. Thus, the plain text of section 9.5 of the master subscription agreement prevents them from invoking the terms of the agreement, including the jury waiver.

That leaves Dennis Darrow as a possible affiliate to Double D Construction. Though the Court asked Defendants to brief the question of whether Darrow is an affiliate, Defendants have cited no cases interpreting that word in Illinois contracts, or any contracts. In support of their contention that Dennis Darrow is an affiliate of Double D Construction, Defendants rely entirely on definitions of the word "affiliate" that they found on the Internet. First, they cite uslegal.com, which defines affiliates as "business concerns, organizations, or individuals that control each other or that are controlled by a third party." Dkt. 224-1, at 2. They next cite upcounsel.com, which defines affiliates as "organizations, individual persons, or business concerns that are controlled by a third party or each other." *Id.* at 9. Next, they cite investopedia.com, which explains that companies are "affiliated when one company is a minority shareholder of another." *Id.* at 12. None of these websites cite authority for their definitions. Based on these definitions, Defendants summarily

conclude that Dennis Darrow must be an affiliate because he wholly owned Double D Construction during all relevant times, and thus fully controlled it. Dkt. 224, at 2.

In contrast, ExactLogix relies on Black's Law Dictionary, which defines an affiliate as "[a] corporation that is related to another corporation by shareholdings or other means of control; a subsidiary, parent, or sibling corporation." Dkt. 228, at 3; *Affiliate*, Black's Law Dictionary (11th ed. 2019). ExactLogix further cites to a variety of cases employing that definition. When presented with dual definitions, the Court has no trouble accepting the definition presented in Black's Law Dictionary over various Internet sources of questionable (at best) persuasive value. Quoting a case from the Indiana Supreme Court, the Seventh Circuit has explained that "Black's Law Dictionary is exactly the type of source that an intelligent layperson might rely on when entering into a contract, including an insurance policy." *I/N Kote v. Hartford Steam Boiler Inspection & Ins. Co.*, 115 F.3d 1312, 1318 (7th Cir. 1997) (quoting *American States Ins. Co. v. Kiger*, 662 N.E.2d 945, 948 n.2 (Ind. 1996)).

ExactLogix's citation to Black's Law Dictionary is imminently more persuasive than Defendants' citation to various Internet sources. The contract at issue did not define the term affiliate, but the Court assumes it was written with legitimate legal dictionary definitions in mind. Indeed, the Court must construe the undefined term according to its "common and generally accepted meaning," *Sosa v. Onfido, Inc.*, No. 1:20-cv-04247, 2021 U.S. Dist. LEXIS 658 (N.D. Ill. Jan. 5, 2021), and as noted above, Black's Law Dictionary is precisely the type of source that

4

intelligent laypersons would consult when drafting or reviewing a proposed contract. Because of that widely accepted definition, if the parties to the contract intended a different meaning—one that included individual persons, rather than corporations—then the parties would have included that definition in the contract.

Indeed, the long-standing principle in Illinois contract law is that when words have well-known legal meanings, the presumption is that the usual legal meaning was intended. *East Moline v. Pollution Control Bd.*, 544 N.E.2d 82, 86 (Ill. App. Ct. 1989) (quoting Black's Law Dictionary); *Dean Foods Co. v. Illinois Pollution Control Bd.*, 492 N.E.2d 1344, 1354 (Ill. App. Ct. 1986) (same). And that has been the law in Illinois for at least more than 140 years. *Alexander v. Northwestern Masonic Aid Ass'n*, 18 N.E. 556, 559 (Ill. 1888) ("[I]n the absence of anything in the contract manifesting a different intention, we will presume that he adopted the legal meaning those words have when used in statutes, deeds, and other instruments of writing, by persons skilled in the use of such words."). Other courts have similarly adopted the Black's Law Dictionary definition of affiliate. *Khan v. Gramercy Advisors, LLC*, 2016 IL App. (4th) 150435, ¶ 111 (adopting the Black's Law Dictionary definition of affiliate); *Emory Univ. Inc. v. Neurocare, Inc.*, 985 F.3d 1337, 1343 (11th Cir. 2021) (noting that Georgia has accepted the Black's Law Dictionary definition of affiliate); *Pope v. Carl*, 742 F. App'x 123, 127 (6th Cir. 2018) (employing the same definition under Kentucky law).

Thus, the Court adopts the Black's Law Dictionary definition of affiliate. Because Darrow does not meet that definition (he is not a *corporation* that is related

5

to Double D Construction by means of control), he is not an affiliate within the meaning of the contract. Because he is not an affiliate within the meaning of the contract, he is not able to invoke the benefits of that contract, including the bargained-for jury waiver, and so the Court denies Defendants' motion to enforce the jury waiver as to Darrow, Buzzelli, and JobProgress. At bottom, ExactLogix did not agree to give up the constitutional right to a jury in proceedings against Dennis Darrow, David Buzzelli, or JobProgress. If Double D Construction intended a different outcome, it was free to negotiate the contract differently.[1]

Date: April 4, 2022

_____
Honorable Iain D. Johnston
United States District Judge

---

[1] Most of Defendants' filings concerned its disagreement with the Court's previous order. That argumentation largely reflected a misreading of both the Court's order and the relevant case law. Regardless, if Defendants disagree with the Court's order or seek a good-faith extension of the law, they may argue that on appeal, assuming judgment is entered against them.